**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No: 03-CR-80709

ERIC COMPTON,

    Defendant.
_____/

**RE-SENTENCING ORDER**

On December 11, 2003, Defendant Eric Compton was convicted by a jury of possessing cocaine base, marijuana and heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 13, 2004, this court sentenced Defendant to a term of imprisonment of 131 months. Defendant appealed his sentence, and the United States Court of Appeals for the Sixth Circuit vacated the sentence and remanded for re-sentencing in light of the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). The court has received sentencing briefs from both parties, and Defendant has waived his appearance at a re-sentencing hearing. For the reasons discussed below, the court will impose on Defendant the original sentence of 131 months imprisonment.

**I. STANDARD**

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Supreme

Court applied this rule to state sentencing guidelines in *Blakely v. Washington*, 542 U.S. 296 (2004). The *Blakely* Court specified that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in original). The Court found that the defendant's enhanced sentence issued under the State of Washington's sentencing procedures violated the Sixth Amendment based on the rule in *Apprendi*. *See id.* at 305-06.

The United States Supreme Court has held that the rule set forth in *Blakely* applies to the United States Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220 (2005). More specifically, the *Booker* Court applied the principles in *Blakely* to hold that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy this constitutional violation, the Court severed two sections of the Sentencing Reform Act (the "SRA"), making the Sentencing Guidelines effectively advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

Thus, after *Booker*, district courts may still consider the same evidence, and make the appropriate findings,[1] under the applicable Sentencing Guidelines; once the applicable range is determined, however, the court must determine in its discretion whether this range is appropriate, after considering all the other factors in § 3553(a).

---

[1] The court will utilize a "preponderance of the evidence" standard to make the relevant findings of fact which may result in sentencing enhancements or downward departures. *See United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005) ("[A] finding under the Guidelines must be based on reliable information and a preponderance of the evidence."); *see also Coleman*, 370 F. Supp. 2d at 667-68 ("[M]ost courts agree that judicial fact-finding [post-*Booker*] may be made by a preponderance of the evidence so long as the court is operating in an advisory regime.") (citing *Cirilo-Munoz v. United States,* 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States,* 404 F.3d 139, 143 (2d Cir. 2005); *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005); *Yagar,* 404 F.3d at 972; *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005)).

*United States v. Oliver*, 397 F.3d 369, 380 n.3, 382 n.5 (6th Cir. 2005); *see also United States v. Jamieson*, 427 F.3d 394, 417 (6th Cir. 2005) ("As the *Booker* [C]ourt explained however, the district court must take the recommended guidelines into account when re-sentencing [the defendant]."); *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005) ("Although the *Booker* Court severed and rendered inapplicable 18 U.S.C. § 3553(b)(1) and 3742(e), which made adherence to the Guidelines mandatory, the *Booker* Court also explained that sentencing courts should continue to consider the recommended Guidelines sentence.").

## II. DISCUSSION

On remand, the government asks that the court impose the same sentence as was originally imposed: 131 months of imprisonment. Defendant does not appear to dispute that the court has the authority to impose the original sentence. Indeed, in *Booker*, the Court found that it was the mandatory nature of the Sentencing Guidelines which made them incompatible with the Sixth Amendment. *See Booker,* 543 U.S. at 259 ("Without this provision--namely the provision that makes 'the relevant sentencing rules . . . mandatory and impose[s] binding requirements on all sentencing judges'--the statute falls outside the scope of *Apprendi's* requirement"); *see also id.* at 233 ("[E]veryone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges.").

Instead, Defendant asks that, when determining his sentence, the court take into account post-sentencing factors, such as the lack of disciplinary reports against him and the educational courses he has taken. (Def.'s Ex. ## 2 & 3.) The court is not persuaded, however, that these factors warrant any adjustment to the original sentence. While the court certainly encourages efforts at self-improvement while imprisoned, the court also expects such behavior. Defendant has not presented any other basis to

3

convince the court that the sentence originally imposed is unreasonable or unfair under the circumstances.

Upon consideration of the now-advisory and correctly calculated range, finding no reason to depart under the guidelines from that range, and in consideration of the factors noted at 18 USC 3553(a),[2] the same sentence as originally imposed will, in the

---

[2] Under 18 U.S.C. § 3553, the court is to consider the following sentencing factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–
- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for–
- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
  - (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
  - (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
- (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement–

court's discretion, be re-imposed here. The court finds this sentence to be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), and reasonable under the facts of this case.

### III. CONCLUSION

IT IS ORDERED that Defendant is RE-SENTENCED to a term of imprisonment of 131 months. A separate Judgment will issue imposing this term.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: April 11, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 11, 2006, by electronic and/or ordinary mail.

          S/Lisa Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522

---

    (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

    (B)    that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

  (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

  (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (a)(1)-(7).